**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Carpenters and Joiners Welfare Fund, Twin City Carpenters Pension Fund, Twin City Carpenters Vacation Fund, Twin City Carpenters Apprenticeship Fund, and Carpenters & Joiners Defined Contribution Plan,

Plaintiffs,

v.

Mikkelson-Wulff Construction, Inc., and Bruce Wulff, individually,

Defendants.

Civil No. 02-52 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

David S. Anderson, Esq., and Pamela H. Nissen, Esq., McGrann Shea Anderson Carnival Straughn & Lamb, 800 Nicollet Mall, Suite 2600, Minneapolis, MN 55402-7035, counsel for Plaintiffs.

William D. Hull, Esq., Coleman Hull & van Vliet, 8500 Normandale Lake Boulevard, Suite 2110, Minneapolis, MN 55437, counsel for Defendants.

---

## Introduction

The above entitled matter came on for hearing before the undersigned United States District Judge on January 31, 2003, pursuant to Defendant Bruce Wulff's Motion for Summary Judgment. This is an action, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), § 502(a)(3) (29 U.S. C. § 1132(a)(3)) and § 515 (29 U.S.C. § 1145), to recover multi-employer health, welfare, and pension benefit fund contributions allegedly owed by Defendants pursuant to a Collective Bargaining Agreement ("CBA"). For the reasons set forth below, Defendant's motion is denied.

FILED FEB 0 3 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

## Background

On May 7, 1992, Defendant Bruce Wulff ("Wulff") signed an "Independent Agreement" (the "Agreement") with the Statewide District Council of Carpenters. Pursuant to the Agreement, Defendant Mikkelson-Wulff Construction, Inc. ("Mikkelson-Wulff"), agreed to make contributions to a variety of health, welfare, and pension benefit funds on behalf of its union employees. The Agreement included a signature block for Mikkelson-Wulff. Defendant Wulff signed his name, and indicated his title as "president" of Mikkelson-Wulff, in that signature block.

The Agreement contains a clause that states: "If this agreement is signed for and on behalf of a corporation, then the person signing this agreement not only binds the corporation but also binds himself individually to the full and faithful performance of all of the terms and provisions of this agreement."

Plaintiffs, the funds to which Mikkelson-Wulff was obligated to make contributions, brought suit against Defendants on January 9, 2002, to recover allegedly delinquent contributions.

## Discussion

### 1. Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank of Missouri*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment

procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" Fed. R. Civ. P. 1. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record which create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Krenik*, 47 F.3d at 957.

**2. Defendant Wulff's Individual Liability**

Wulff's summary judgment is based upon a single legal argument, specifically, that Wulff cannot be held individually liable as a guarantor of Mikkelson-Wulff's obligations because he is not, individually, a signatory to the Agreement.[1] The Court does not accept this argument.

As Wulff notes, the general rule in Minnesota is that an agent making a contract for a disclosed principal does not become a party to the contract. *See Hanna Mining Co. v. Minn. Power & Light Co.*, 573 F. Supp. 1395, 1398 (D. Minn. 1983). However, the individual agent may be personally liable for the principal's obligations if the contract itself reveals that the parties mutually intended to hold the individual agent so liable. *See United Sav. & Loan Ass'n v.*

---

[1] Although neither party raises the issue, the Court notes the very real likelihood that, even if Wulff had not signed the Agreement, he could be held individually liable under the theory of piercing the corporate veil.

*Lake of the Ozarks Water Festival, Inc.*, 805 S.W.2d 350, 354 (Mo. Ct. App. 1991). Furthermore, in Minnesota, "a guaranty is construed the same as any other contract, the intent of the parties being derived from the commonly accepted meaning of the words and clauses used, taken as a whole." *Am. Tobacco Co. v. Chalfen*, 108 N.W.2d 702, 704 (Minn. 1961).

The language in the Agreement is perfectly clear: under the plain language of the Agreement, the parties agreed that the individual signatory to the Agreement would be personally responsible for the obligations incurred under the Agreement. The clause at issue, read either alone or within the context of the Agreement as a whole, is not ambiguous in any way.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Defendant Bruce Wulff's Motion for Summary Judgment (Doc. No. 10) is **DENIED**.

Dated: January 31, 2003

DONOVAN W. FRANK
Judge of United States District Court